UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY TOWNSEND,

    Petitioner,                                              Case No. 16-12613

v.

JACK KOWALSKI,[1]                                      HON. AVERN COHN

    Respondent.
_____/

**MEMORANDUM AND ORDER DENYING THE PETITION FOR HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Geoffrey Townsend, (Petitioner), is a state inmate serving concurrent sentences of 10 to 15 years each for six counts of third-degree criminal sexual conduct, M.C.L. § 750.520d(1)(a)(sexual penetration; victim is at least 13 but under 16). Petitioner, through counsel, filed a petition for a writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that Petitioner's claims lack merit. For the reasons which follow, the petition will be denied.

II. Procedural History

Petitioner was convicted following a jury trial. He filed an appeal of right. The Michigan Court of Appeals affirmed his conviction and sentence. People v. Townsend, No. 319604, 2015 WL 1227682 (Mich. Ct. App. Mar. 17, 2015). The Michigan Supreme Court denied leave to appeal in a standard order. People v. Townsend, 498 Mich. 920 (2015).

---

[1]The caption is amended to reflect the current warden of Petitioner's incarceration.

Petitioner has filed a petition for a writ of habeas corpus, raising the same claims presented on direct appeal, as follows:

> I. The trial court erred by admitting the entire written hearsay statement of the complaining witnesses and that the MRE 801(d)(1)(b) exception to hearsay does not apply.
>
> II. The trial court erred in denying the motion for judgment notwithstanding the verdict when the great weight of the evidence was insufficient to establish beyond a reasonable doubt that the defendant/appellant was guilty of the offenses charged.
>
> III. The trial court erred in denying the defendant/appellant's motion for new trial based on newly discovered evidence or based on trial counsel's failure to present the evidence at trial.
>
> IV. The trial court erred in assessing points for OV 8 and OV 13 at the time of sentencing.
>
> V. The trial court erred in sentencing the defendant/appellant well above the recommended sentencing guidelines when there was no substantial and compelling reason to do so.

### III. Facts

The material facts leading to Petitioner's conviction are recited verbatim from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant was a Detroit Police Officer who was involved with a program called "Reality Check" that helped struggling children. Through his involvement in this organization, he met RW and CL, whom he sexually assaulted on various occasions.

People v. Townsend, 2015 WL 1227682, at *1.[2]

### IV. Standard of Review

---

[2] Because the victims were minors at the time of the offense or relatives of minors with the same name, the Court refers to the individuals by their initials as did the Michigan Court of Appeals. See Fed. R. Civ. P. 5.2(a).

2

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court shall not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102 (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have

supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

V. Petitioner's Claims

A. Claim 1 - Hearsay

In his first claim, Petitioner argues that his right to a fair trial was violated when the trial court allowed into evidence the hearsay statements of the complaining witnesses which should have not been admissible pursuant to M.R.E. 801(d)(1)(b).

The Michigan Court of Appeals denied this claim finding that any error was harmless because the victims testified about the alleged sexual abuse at trial; therefore, their prior consistent statements only reiterated the victims' testimony that they had been sexually abused. The Michigan Court of Appeals further found that because their prior consistent statements were mere cumulative evidence, admission of the statements did not prejudice Petitioner. People v. Townsend, 2015 WL 1227682, at *1.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Because the admissibility of evidence under Michigan's hearsay rules is not cognizable in a habeas corpus proceeding. the admission of this evidence in violation of Michigan's rules of evidence would not entitle Petitioner to relief.

Furthermore, the admission of a prior consistent statement when the declarant is

4

available for cross-examination at trial, as here, is not a question that rises to the level of a constitutional violation for purposes of habeas corpus relief. There is no violation of the Sixth Amendment's Confrontation Clause when the witness testifies at trial and is subject to unrestricted cross-examination. United States v. Owens, 484 U.S. 554, 560 (1988). Because the victims testified at Petitioner's trial and were subject to cross-examination, the admission of their out of court statements to the police did not violate petitioner's Sixth Amendment right to confrontation.

In sum, Petitioner's claim about the admission of the complainants' prior consistent statements to the police involves at best an error of state law that is not cognizable in federal habeas review. The Michigan Court of Appeals' rejection of Petitioner's claim was not based on an unreasonable determination of the facts or contrary to Supreme Court precedent. Thus, Petitioner is not entitled to habeas relief on his first claim.

### B. Claim 2 - Great Weight of the Evidence

Petitioner next contends that his rights were violated because the verdict was against the great weight of the evidence because the victims' testimony was incredible in light of the other evidence presented in this case, as well as the fact that there was evidence which suggested that the victims had a motive to falsely accuse petitioner of sexually assaulting them.

A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. See Cukaj v. Warren, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); Dell v. Straub, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); See also Nash v. Eberlin, 258 F. App'x 761, 764, n. 4 (6th Cir. 2007)(("a manifest-weight-of-the-evidence argument is a state-law argument"). Because the

Supreme Court has never recognized a state prisoner's constitutional right to a new trial because the verdict was against the great weight of the evidence, petitioner's contention concerning the weight of the evidence fails to state a cognizable federal claim.

Moreover, attacks on witness credibility are simply challenges to the quality of the prosecution's evidence not to the sufficiency of the evidence. See Martin v. Mitchell, 280 F.3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. See Gall v. Parker, 231 F.3d 265, 286 (6th Cir. 2000). Petitioner's insufficiency of evidence claim rests on an allegation of the victims' credibility, which is the province of the finder of fact. Petitioner is therefore not entitled to habeas relief on his second claim.

### C. Claim 3 - Newly Discovered Evidence

#### 1.

Petitioner next claims that his due process rights were violated when the trial court denied him motion to new trial based on newly discovered evidence. The alleged newly discovered evidence is testimony from Tamika Duncan and Melvin Kemp and documents pertaining to DNA testing which were not presented at trial. In the alternative, Petitioner argues that trial counsel was ineffective by failing to present this evidence at his trial.

As to the witness testimony, Duncan says that had she been called to testify, she would have said that the testimony of RW and her mother was false. Duncan contends that RW was kicked out of the Explorers Program and brought the charges against Petitioner when he would not let her back into the program. Duncan further contends that during a phone conversation with RW's mother, RW interrupted the conversation which involved mention of the women Petitioner was sleeping with, including the mention of a minor. According to Duncan, RW stopped the conversation and interjected that such

6

allegations were false.

As to Kemp, he would have testified that he was raking leaves on the property and witnessed Petitioner and the second victim sitting in Petitioner's truck. According to Kemp, neither entered the house and he did not view any inappropriate behavior.

As to the DNA evidence, Petitioner says that the results of the DNA samples, which were negative for seminal fluid and a DNA match, would have undermined the testimony provided at his trial.

The Michigan Court of Appeals initially found the evidence was not newly discovered evidence and then rejected Petitioner's ineffective assistance of counsel claim as follows:

> In the instant case, defendant relies on impeachment evidence in the form of statements from Tamika Duncan and Melvin Kemp, and evidence implicating the credibility of one of the other-acts witnesses (including the lack of DNA evidence that defendant assaulted her). Defendant conclusively states that this evidence is newly discovered. However, he provided neither elaboration of nor support for that bald assertion. In contrast, the prosecution provides a detailed explanation of how this evidence was provided to defendant in pretrial discovery. In light of defendant's silence on this matter, we cannot say that he has demonstrated this evidence was, in fact, newly discovered.
>
> Defendant conclusively contends that, with the use of reasonable diligence, he could not have discovered or produced this evidence at trial. Yet, defendant again has not demonstrated the truth of that assertion. In fact, he provides no explanation for why he did not produce this evidence at trial. Thus, defendant has failed to satisfy the first and third prongs of the newly discovered evidence test.
>
> Defendant also has failed to demonstrate that an exculpatory connection exists between the witnesses' testimony and the new impeachment evidence, or that a different result is probable on retrial. At best, this "newly discovered" evidence amounts to relatively minor impeachment evidence. Specifically, Tamika Duncan's proposed testimony is an attempt to impeach RW and her mother about a phone conversation, and imply that RW was kicked out of a program. Yet, Duncan's statements do not amount to the "necessary exculpatory connection" that goes to the heart of RW's testimony, as she did not proffer any knowledge regarding the sexual assaults. Next, Melvin Kemp's proposed testimony is an attempt to impeach CL's testimony about

going into defendant's home on the day of the assault. However, CL did not recall the specific date the incident occurred, so there is no way to establish that Kemp was the same person raking leaves that day. In regard to the remaining evidence, it goes toward impeaching the other-acts witness, not RW or CL.

Thus, even if we were to assume that this evidence was "newly discovered," it does not amount to "the rare case in which (1) the necessary exculpatory connection exists between the heart of the witness's testimony at trial and the new impeachment evidence and (2) a different result is probable on retrial." Contrary to the cases defendant cites on appeal, he has offered no evidence of a recanting witness, and it is defendant's burden to prove all elements of the newly discovered evidence test[,] .

We likewise reject defendant's ineffective assistance of counsel claim. Even if we were to agree that the performance of defense counsel fell below an objective standard of reasonableness, a different result is not reasonably probable on remand. This "newly discovered" evidence, at most, amounts to relatively minor impeachment evidence. In contrast, the evidence at trial of defendant's guilt was overwhelming. The two victims, as well as the three other-acts witnesses, were between the ages of 13 and 15, were in "Reality Check," and testified that defendant sexually assaulted them on several occasions. Further, it is not as if defense counsel failed to impeach these witnesses. In fact, defense counsel conducted searching cross-examinations, continually attempting to highlight the lack of the victims' credibility.

In light of the overwhelming evidence of defendant's guilt, we cannot say that the evidence he highlights on appeal would have any effect on the outcome of the proceedings. Defendant has not demonstrated that he was denied the effective assistance of counsel. In light of our analysis, we do not find that a remand for a <u>Ginther</u> hearing warranted.

People v. Townsend, 2015 WL 1227682, at **3-4 (internal citations omitted).

2.

As an initial matter, "in light of the Constitution's silence on the subject of new trials [and] the historical availability of new trials based on newly discovered evidence," Petitioner's claim that he is entitled to a new trial based on newly discovered evidence is noncognizable on habeas review. Herrera v. Collins, 506 U.S. 390, 391 (1993). Thus, Petitioner is not entitled to habeas relief on this ground.

8

3.

Petitioner alternatively argues that trial counsel was ineffective by failing to produce Duncan and Kemp to testify at his trial and by failing to present the DNA report which was inconclusive.

To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Strickland, 466 U.S. at 689. Second, Petitioner must show that such performance prejudiced his defense. Id. To demonstrate prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009)(quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington v. Richter, 562 U.S. at 101. Indeed, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles, 556 U.S. at 123 (citing Yarborough v. Alvarado, 541 U.S. 664). Pursuant to

9

the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a Strickland claim brought by a habeas petitioner. Id. This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Harrington, 562 U.S. at 101.

Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim for two reasons. First, the witnesses were not actually present when any of the alleged sexual assaults took place. Because neither witness was present when the assaults took place between Petitioner and the victims, they could not have exonerated Petitioner of the crime. Thus, counsel was not ineffective in failing to call them as witnesses. Second, to the extent that Petitioner claims that these witnesses could have impeached the victims' credibility concerning the validity of the sexual assaults, such evidence would have been cumulative of evidence that had already been introduced to challenge the victims' credibility.

As the Michigan Court of Appeals found, Duncan's statements did not amount to a 'necessary exculpatory connection' that went to the heart of RW's testimony, as Duncan did not propose to offer any testimony regarding the sexual assaults. Kemp's proposed testimony was an attempt to impeach CL's testimony about going into Petitioner's residence on the day of the assault. However, CL did not recall the specific date the incident occurred, so there is no way to establish that Kemp was the same person raking leaves that day. The proposed testimony would have involved impeaching the victim on a collateral matter and counsel was not ineffective for failing to impeach the victim about such an inconsistency.

Overall, the court of appeals reasonably found that the trial court did not err in

denying petitioner a new trial based on newly discovered evidence and that Petitioner failed to sustain his burden of demonstrating that he was denied the effective assistance of counsel. Petitioner is not entitled to relief on his third claim.

### D. Claims 4 and 5 - Sentencing Guidelines

Petitioner's fourth and fifth claims raise errors in sentencing. In his fourth claim, Petitioner contends that OV 8 of the Michigan Sentencing Guidelines was incorrectly scored. In his fifth claim, Petitioner contends that OV 13 of the Michigan Sentencing Guidelines was incorrectly scored.

Petitioner's claims that the state trial court incorrectly scored or calculated his sentencing guideline range under the Michigan Sentencing Guidelines are not cognizable claims for federal habeas review because they are state law claims. See Tironi v. Birkett, 252 F. App'x 724, 725 (6th Cir. 2007); Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003); McPhail v. Renico, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." See Mitchell v. Vasbinder, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Petitioner is therefore not entitled to habeas relief on his fourth or fifth claims.

### VI. Conclusion

For the reasons stated above, the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Accordingly, the petition for a writ of habeas corpus is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of petitioner's claims, nor conclude that the issues deserve encouragement to proceed

further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[3] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 10/23/2018
Detroit, Michigan

---

[3]"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.